KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DAVID W. SWIFT (SBN 235033)
  dswift@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff
Craig Chaquico

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAQUICO,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID FREIBERG, an Individual; DONNY BALDWIN, an Individual; CHRIS SMITH, an Individual; JUDE GOLD, an Individual; CATHERINE RICHARDSON, an Individual; and DOES 1 to 20,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **Breach Of Contract;**<br>2. **Violation of Common Law Right of Publicity;**<br>3. **Violation of California Civil Code § 3344**<br>4. **Violation of Lanham Act**<br>5. **Violation of California Business and Professions Code § 17200**<br><br>**JURY TRIAL DEMANDED**<br><br>Trial Date:    None Set |

# INTRODUCTION

1. Plaintiff Craig Chaquico ("Plaintiff" or "Chaquico") is a renowned musician best known as the lead guitarist and driving force behind the legendary rock bands Jefferson Starship and Starship. Chaquico was the only member of those bands to appear on every recording, album, tour, and music video over the course of the bands' tenure. As such, Chaquico has become intimately associated with all of the original hit songs and multi-platinum, best-selling albums of both Jefferson Starship and Starship, and the music of these bands has become intimately associated with Chaquico.

2. This dispute arises out of two of Chaquico's former bandmates, along with others, making unauthorized use of the Jefferson Starship name both for live performances and on merchandise, as well as their unauthorized use of Chaquico's image to promote their band and their performances. In 1985, a founding member of Jefferson Starship departed the group and the remaining members of the band entered into a written agreement, which unequivocally provided that the Jefferson Starship name would be permanently retired from future use by any of the members of the band (or anyone else) in connection with any new recordings, live performances and merchandise. Nevertheless, defendants David Freiberg and Donny Baldwin, both signatories to that agreement, are currently performing with other musicians and selling merchandise using the name Jefferson Starship over Chaquico's objections and in direct violation of the written agreement to retire the name.

3. The unauthorized use of the Jefferson Starship name by Defendants is tarnishing the legacy of the original Jefferson Starship, and Chaquico himself given his close association with the band and its music. To make matters worse, Defendants have repeatedly and systematically used images of the original Jefferson Starship lineup, which include images of Chaquico, to promote their band and their performances both in concert posters, on their Facebook page and on their website – a blatant attempt to pass off their current band as the original, world-renowned, Jefferson Starship and to trade off of Chaquico's goodwill. Defendants have also used images of the original Jefferson Starship and Starship albums to promote themselves and their live performances in a further attempt to mislead the public and pass off their current band as the

original Jefferson Starship.

4. Defendants' unauthorized use of the Jefferson Starship name and refusal to comply with Chaquico's repeated demands to cease all further use of the name has forced him to bring this lawsuit. Chaquico is not seeking monetary damages arising from Defendants' use of the Jefferson Starship name, but simply seeks an injunction prohibiting defendants from using the name in order to protect his own legacy, as well as the legacy of the original Jefferson Starship band, and to protect the public from being duped by Defendants' false and misleading representations.

## THE PARTIES

5. Plaintiff Chaquico is an individual residing in Jackson County, Oregon.

6. Defendant David Freiberg ("Freiberg") is an individual residing in Marin County, California.

7. Defendant Donny Baldwin ("Baldwin") is an individual residing in Calaveras County, California.

8. Defendant Chris Smith ("Smith") is an individual residing in Sonoma County, California.

9. Defendant Jude Gold ("Gold") is an individual residing in San Francisco, County, California.

10. Defendant Catherine Richardson ("Richardson") is an individual residing in San Francisco County, California.

11. Defendants Baldwin, Freiberg, Smith, Gold, and Richardson are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

12. This action arises under the Lanham Act, 15 U.S.C. § 1125(a). Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1121(a) and the principles of pendant jurisdiction pursuant to 28 U.S.C. § 1367(a).

13. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) because one or more defendants resides in this judicial district.

**STATEMENT OF FACTS**

14.     In 1970, Paul Kantner ("Kantner"), then a member of the famous rock band Jefferson Airplane, discovered a teenage Chaquico playing guitar with another band. Impressed with Chaquico's talents, Kantner invited Chaquico to join him for a series of recording sessions and subsequent concerts, including the first concert performed using the Jefferson Starship name. Thereafter, Chaquico played guitar on three albums featuring Kantner and Grace Slick, who was also a member of Jefferson Airplane. Jefferson Airplane disbanded in 1972, though its last album was released in 1973.

15.     In 1974, two years after Jefferson Airplane disbanded, Jefferson Starship was formed and went on to achieve even greater commercial success. The original touring lineup of Jefferson Starship included Kantner, Freiberg, Grace Slick, John Barbata, and Papa John Creach (all of whom were also members of Jefferson Airplane), Peter Kaukonen and Craig Chaquico. Shortly after the first Jefferson Starship tour, Kaukonen was replaced by Pete Sears and the band went on to record *Dragonfly*, Jefferson Starship's first album, which featured songwriting by Chaquico and Sears and went on to reach gold and platinum status. In 1979, Mickey Thomas joined Jefferson Starship as its replacement lead singer, and in 1982 Baldwin joined as its replacement drummer.

16.     From its formation in 1974 through 1985, Jefferson Starship released twenty platinum and gold albums. By way of example only, Jefferson Starship's 1975 album *Red Octopus* reached number one on the Billboard charts and achieved multiple-platinum status. Jefferson Starship's follow up album in 1976, *Spitfire*, also reached platinum status and number three on the billboard charts. Though the lineup of Jefferson Starship changed over the years, Chaquico was the only member to appear on every recording, album, tour and music video over the course of the band's tenure.

17.     In 1984, after the release of the Jefferson Starship's last album *Nuclear Furniture*, Kantner grew unhappy and decided to leave the band. At that time, Kantner initiated legal action in an attempt to prevent the band from continuing to use the Jefferson Starship name. In March 1985, the then remaining members of Jefferson Starship, including Chaquico, Freiberg and

Baldwin, entered into a settlement agreement with Kantner (the "1985 Agreement").

18. Paragraph 4 of the 1985 Agreement provided that: "with respect to the trade name 'Jefferson Starship', (hereinafter referred to as 'The Name'), it is agreed between us that The Name shall be retired effective immediately, with no individual or group, whether or not a party hereto, to be permitted to use The Name, or any designation substantially similar to The Name, in any way, including without limitation, in connection with records, concerts and merchandising…" The 1985 Agreement further provided that Kantner would no longer be a member of the band going forward and that the remaining members would continue performing and touring under the name "Starship."

19. Starship proceeded to release its first album in 1985, *Knee Deep in the Hoopla*, which contained two number-one hits: *We Built This City* and *Sara*. The album itself went multi-platinum and reached number seven on the Billboard charts. By this time, Freiberg had been fired from the band and Baldwin did not perform on the album. Starship went on to release a number of hit singles and albums over the remainder of the decade. Starship's famous songs *We Built This City* and *Nothing's Gonna Stop Us Now* were both nominated for Grammy's and the latter was nominated for a Golden Globe and Academy Award for its inclusion in the movie *Mannequin*.

20. In 1989, Baldwin was dismissed from Jefferson Starship as a result of his vicious physical assault on Mickey Thomas. In 1990, Chaquico decided to leave Starship and proceeded to pursue a successful solo career.

21. After Chaquico left Starship in 1990, Kantner began touring with various lineups of interchangeable musicians using the name Jefferson Starship despite the provision in the 1985 Agreement prohibiting any of the signatories (or anyone else) from doing so. Chaquico pursued legal action against Kantner as the result of his unauthorized use of the Jefferson Starship name, which led to a settlement agreement between Kantner and Chaquico in 1993 (the "1993 Agreement"). Pursuant to the 1993 Agreement, Chaquico gave permission on behalf himself to Kantner, and only Kantner, to use the Jefferson Starship name in connection with live performances and merchandise. Chaquico granted Kantner permission to use the name because of their prior close relationship arising from Kanter's original invitation to Chaquico to join Jefferson

1  Starship, the fact that Kantner created the name originally, and Chaquico's belief that Kantner
2  would preserve and honor the legacy of the band's music.  Chaquico is informed and believes, and
3  based thereon alleges that Kantner thereafter received permission from at least some of the other
4  signatories to the 1985 Agreement for him to use the Jefferson Starship name.

5        22. In or about 2005, Freiberg joined one of Kantner's Jefferson Starship lineups, and
6  Baldwin joined the band in 2008.   At that time, and until Kantner's death in January 2016, the
7  various configurations of Kantner's Jefferson Starship band continued to use the name pursuant to
8  the permission Chaquico, and possibly the other signatories of the 1985 Agreement gave to
9  Kantner.

10       23. Because Chaquico only granted Kantner permission to use the Jefferson Starship
11 name, Chaquico's permission terminated upon Kantner's death in January 2016.  Nevertheless,
12 Defendants continue to perform and sell merchandise using the Jefferson Starship name after
13 Kantner's death without Chaquico's permission to do so and in direct violation of paragraph 4 of
14 the 1985 Agreement.

15       24. Chaquico has repeatedly informed Freiberg and Baldwin that they do not have his
16 permission to continue performing as Jefferson Starship or to sell merchandise using the name,
17 and that they are doing so in violation of the 1985 Agreement.  Given that the current iteration of
18 Jefferson Starship only features two members that performed with the original band (Freiberg and
19 Baldwin), only one of whom is a founding member, Chaquico objects to their continued use of the
20 Jefferson Starship name because the current band's connection to the original band is too
21 attenuated to preserve the rich legacy of the band's music.  Indeed, of the eight members of the
22 original Jefferson Starship lineup that recorded the bands' ground-breaking, platinum albums,
23 seven are not in the current lineup of musicians performing as Jefferson Starship.  Moreover,
24 given the ignominious dismissals of Freiberg and Baldwin from the Starship in the 1980s, it is an
25 affront to the legacy of both bands for these two former members to continue to perform using the
26 Jefferson Starship name.  Chaquico has repeatedly demanded that Defendants cease and desist
27 from further use of the Jefferson Starship name in any manner.
28       25. Defendants have further tarnished the original Jefferson Starship band's legacy by

using images of the original lineup, including images of Chaquico, in concert posters promoting their live performances, during their live performances, on their website, and on their Faceoobook page without Chaquico's permission.  By misappropriating Chaquico's likeness to promote their band, Defendants have converted Chaquico into an involuntary spokesperson for the band and have created the false impression that Chaquico sponsors, endorses or is otherwise associated with the band when nothing could be further from the truth.  Defendants' unauthorized use of Chaquico's image alleged hereinabove constitutes a willful violation of Chaquico's right of publicity.

26. Defendants have refused to cease their unauthorized use of the Jefferson Starship name claiming that they have permission from the other living signatories to the 1985 Agreement to use the name.  However, Defendants ignore the fact that regardless of whether they obtained the permission of the other living signatories to the 1985 Agreement to use the name, they need the permission from <u>all</u> of the living signatories to use the name, including Chaquico.  Defendants also continue to use Chaquico's image to promote their band and their live performances over Chaquico's objections.

### **FIRST CAUSE OF ACTION**

### **(Breach Of Contract – Against Freiberg and Baldwin)**

27. Chaquico realleges and incorporates herein by this reference the allegations of paragraphs 1 through 26 hereof, inclusive, as if set forth in full herein.

28. Chaquico has fully performed all of his obligations under the 1985 Agreement.

29. By virtue of their continued use of the Jefferson Starship name without Chaquico's permission Freiberg and Baldwin have knowingly breached paragraph 4 of the 1985 Agreement as set forth herein.

30. Paragraph 27 of the 1985 Agreement provides that "any dispute involving the unauthorized use of the words 'Jefferson', 'Airplane', or the word 'Starship' in violation of paragraph 4 above, shall be enjoinable in a court of competent jurisdiction."

31. The unauthorized use of the Jefferson Starship name by Freiberg and Baldwin does

1  and continues to tarnish the legacy of the band's music and causes confusion among the public,
2  and has caused Chaquico damages for which there is no adequate remedy at law.
3      32.    Chaquico has been, and unless enjoined by this Court, will continue to be, damaged
4  and irreparably harmed by the continued unauthorized use of the Jefferson Starship name by
5  Freiberg and Baldwin.  Such irreparable harm constitutes an injury for which Chaquico has no
6  adequate remedy at law.  Accordingly, Chaquico is entitled to preliminary and permanent
7  injunctive relief prohibiting Freiberg and Baldwin from using the Jefferson Starship name in any
8  manner, including but not limited to in connection with live or recorded musical performances and
9  on merchandise.

## SECOND CAUSE OF ACTION

**(Violation of Common Law Right of Publicity – Against All Defendants)**

33.  Chaquico realleges and incorporates herein by this reference the allegations of paragraphs 1 through 32 hereof, inclusive, as if set forth in full herein.

34.  Chaquico does not endorse or sponsor the current Jefferson Starship band and did not give any of the Defendants permission to make commercial use of his likeness in any way in connection with promoting the band or its live performances.

35.  Defendants have misappropriated Chaquico's likeness without compensation, and of course, without Chaquico's consent in order to promote their band and their live performances. By doing so, Defendants have converted Chaquico into an involuntary spokesperson for their band.  Moreover, Defendants used Chaquico's likeness in a manner that creates the false implication and impression that Chaquico sponsors, endorses or is otherwise associated with Defendants and their band.

36.  The right to use Chaquico's likeness in the manner alleged hereinabove to advertise and promote Defendants' band is an extremely valuable commercial right for which Chaquico, had he been asked and had he consented, would have been paid a large sum of money.  Moreover, the value of Chaquico's likeness has been diminished by Defendants' unauthorized use.

37.  Defendants' conduct alleged hereinabove constitutes a willful violation of

1  Chaquico's common law right of publicity.  As a direct and proximate result of Defendants' said
2  misconduct, Chaquico has suffered and will suffer substantial monetary damage in an amount to
3  be proven at trial.

4        38.     Chaquico has been, and unless enjoined by this Court, will continue to be, damaged
5  and irreparably harmed by Defendants' continued unauthorized use of his likeness to promote
6  their band and their live performances.  Such irreparable harm constitutes an injury for which
7  Chaquico has no adequate remedy at law.  Accordingly, Chaquico is entitled to preliminary and
8  permanent injunctive relief prohibiting Defendants from using his likeness in any manner,
9  including but not limited to in connection with promoting Defendants' band or their live musical
10 performances.

11       39.     Defendants' conduct as herein alleged is despicable and was undertaken by
12 Defendants with a willful and conscious disregard of Chaquico's rights.  Chaquico is informed and
13 believes, and based thereon alleges, that Defendants did the acts as herein alleged with an intent to
14 injure Chaquico and to subject Chaquico to cruel and unjust hardship in conscious disregard of his
15 rights, and that said acts were done willfully, maliciously, and oppressively.  Chaquico is,
16 therefore, entitled to an additional award of punitive and/or exemplary damages in an amount
17 sufficient to punish Defendants and to deter Defendants from committing such acts in the future.

18 <center>**THIRD CAUSE OF ACTION**</center>

19 <center>**(Violation of California Civil Code Section 3344 – Against All Defendants)**</center>

20       40.     Chaquico realleges and incorporates herein by this reference the allegations of
21 paragraphs 1 through 39 hereof, inclusive, as if set forth in full herein.

22       41.     Defendants' unauthorized use of Chaquico's likeness without compensation, and of
23 course, without Chaquico's consent in order to promote their band and their live performances as
24 alleged herein violates Chaquico's statutory right of publicity under California Civil Code Section
25 3344.

26       42.     Defendants' conduct alleged hereinabove constitutes a willful violation of
27 Chaquico's statutory right of publicity.  As a direct and proximate result of Defendants' said
28


1  misconduct, Chaquico has suffered and will suffer substantial monetary damage in an amount to be proven at trial.

43. Chaquico has been, and unless enjoined by this Court, will continue to be, damaged and irreparably harmed by Defendants' continued unauthorized use of his likeness to promote their band and their live performances.  Such irreparable harm constitutes an injury for which Chaquico has no adequate remedy at law.  Accordingly, Chaquico is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using his likeness in any manner, including but not limited to in connection with promoting Defendants' live or recorded musical performances.

44. Defendants' conduct as herein alleged is despicable and was undertaken by Defendants with a willful and conscious disregard of Chaquico's rights.  Chaquico is informed and believes, and based thereon alleges, that Defendants did the acts as herein alleged with an intent to injure Chaquico and to subject Chaquico to cruel and unjust hardship in conscious disregard of his rights, and that said acts were done willfully, maliciously, and oppressively.  Chaquico is, therefore, entitled to an additional award of punitive and/or exemplary damages in an amount sufficient to punish Defendants and to deter Defendants from committing such acts in the future.

**FOURTH CAUSE OF ACTION**

**(Violation of Lanham Act – 15 U.S.C. 1125(a) – Against All Defendants)**

45. Chaquico realleges and incorporates herein by this reference the allegations of paragraphs 1 through 44 hereof, inclusive, as if set forth in full herein.

46. Defendants' use of Chaquico's likeness to promote their band and their live performances, as alleged hereinabove, has created the false impression that Chaquico sponsors, endorses and/or is associated in some manner Defendants and their band.  Defendants' use of Chaquico's likeness as alleged hereinabove also suggests to consumers that Chaquico had agreed to such use of his likenesses in conjunction with Defendants' band.

47. The impression created by Defendants was entirely false.  Chaquico does not endorse or sponsor, and is not associated with Defendants or their band.  Chaquico did not consent

1  to Defendants' use of his name and likeness to promote their band and their live performances.

2      48.    This misconduct by Defendants as alleged herein constitutes an intentional, willful
3  and extraordinary violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

4      49.    As a direct and proximate result of Defendants' said misconduct, Chaquico has
5  suffered and will suffer substantial monetary damage in an amount to be proven at trial.

6      50.    Chaquico has been, and unless enjoined by this Court, will continue to be, damaged
7  and irreparably harmed by Defendants' continued unauthorized use of his likeness to promote
8  their band and their live performances.  Such irreparable harm constitutes an injury for which
9  Chaquico has no adequate remedy at law.  Accordingly, Chaquico is entitled to preliminary and
10 permanent injunctive relief prohibiting Defendants from using his likeness in any manner,
11 including but not limited to in connection with promoting Defendants' live or recorded musical
12 performances.

13     51.    Defendants' conduct as herein alleged is despicable and was undertaken by
14 Defendants with a willful and conscious disregard of Chaquico's rights.  Chaquico is informed and
15 believes, and based thereon alleges, that Defendants did the acts as herein alleged with an intent to
16 injure Chaquico and to subject him to cruel and unjust hardship in conscious disregard of
17 Chaquico's rights, and that said acts were done willfully, maliciously, and oppressively.  Chaquico
18 is, therefore, entitled to an additional award of punitive and/or exemplary damages in an amount
19 sufficient to punish Defendants and to deter Defendants from committing such acts in the future.

## FIFTH CAUSE OF ACTION

**(Violation of California Business and Professions Code § 17200 – Against All Defendants)**

22     52.    Chaquico realleges and incorporates herein by this reference the allegations of
23 paragraphs 1 through 51 hereof, inclusive, as if set forth in full herein.

24     53.    Defendants' continued unauthorized use of the Jefferson Starship name and
25 Chaquico's likeness as alleged herein constitutes an unlawful, unfair and deceptive business
26 practice constituting unfair competition in violation of California Business & Professions Code §§
27 17200 et seq.

54. Chaquico is informed and believes, and based thereon alleges that Defendants' have used the Jefferson Starship name, Chaquico's likeness and images of the original Jefferson Starship album artwork in an attempt to unjustly enrich themselves by misleading the public into believing that Defendants' Jefferson Starship band consists of the original, hit making lineup.

55. Chaquico has been, and unless enjoined by this Court, will continue to be, damaged and irreparably harmed by Defendants' acts of unfair competition as alleged herein. Such irreparable harm constitutes an injury for which Chaquico has no adequate remedy at law. Accordingly, Chaquico is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their use Jefferson Starship name in any manner, including but not limited to in connection with live or recorded musical performances and on merchandise, and to cease their use of Chaquico's likeness to promote their band and their live performances.

## PRAYER FOR RELIEF

WHEREFORE, Chaquico prays for judgment against Defendants as follows:

### On The First Cause Of Action

1. Preliminary and permanent injunction prohibiting Freiberg and Baldwin from using the Jefferson Starship name in any manner, including but not limited to in connection with live or recorded musical performances and on merchandise; and

2. An award of actual and reasonable attorneys' fees pursuant to paragraph 25 of the 1985 Agreement.

### On The Second Cause Of Action

3. Preliminary and permanent injunction prohibiting Defendants from using Chaquico's likeness in any manner, including but not limited to in connection with promoting their band or live performances; and

4. For actual damages in an amount to be proven at trial; and

5. For punitive damages in an amount sufficient to punish Defendants and deter them from committing such wrongful acts in the future.

### On The Third Cause Of Action

6. Preliminary and permanent injunction prohibiting Defendants from using

Chaquico's likeness in any manner, including but not limited to in connection with promoting their band or live performances; and

    7.    For actual damages in an amount to be proven at trial; and

    8.    For attorneys' fees under Civil Code § 3344(a); and

    9.    For punitive damages in an amount sufficient to punish Defendants and deter them from committing such wrongful acts in the future.

### On The Fourth Cause Of Action

    10.    Preliminary and permanent injunction prohibiting Defendants from using Chaquico's likeness in any manner, including but not limited to in connection with promoting their band or live performances; and

    11.    For actual damages in an amount to be proven at trial; and

    12.    That said damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

    13.    For attorneys' fees under the Lanham Act, 15 U.S.C. § 1117;

### On The Fifth Cause Of Action

    14.    Preliminary and permanent injunction ordering Defendants to cease their use Jefferson Starship name in any manner, including but not limited to in connection with live or recorded musical performances and on merchandise, and to cease their use of Chaquico's likeness to promote their band and their live performances.

### On All Causes Of Action

    15.    For Chaquico's costs of suit; and

    16.    Such other and further relief as the Court deems just and proper.

DATED: April 27, 2017        KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP


By: _____
David Swift
Attorneys for Plaintiff Craig Chaquico

## **DEMAND FOR TRIAL BY JURY**

Chaquico hereby demands trial by jury on all issues and causes of action triable by jury.

DATED: April 27, 2017            KINSELLA WEITZMAN ISER
                                 KUMP & ALDISERT LLP


                          By:        /s/ David W. Swift
                                 David W. Swift
                                 Attorneys for Plaintiff Craig Chaquico