UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAQUICO,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID FREIBERG, et al.,<br><br>    Defendants. | Case No. 17-cv-02423-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 16 |

## INTRODUCTION

Plaintiff Craig Chaquico moves to file under seal a 1993 Settlement Agreement (the "1993 Agreement"), which he submitted in connection with his Opposition to Defendants'[1] Motion to Dismiss. Mot., Dkt. No. 16; Dkt. No. 16-4, Ex. A (1993 Agreement). Having considered Plaintiff's argument and the relevant legal authority, the Court issues the following Order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), a party must "articulate compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citation omitted). Indeed, such showing is required

---

[1] Defendants are David Freiberg, Donny Baldwin, Chris Smith, Jude Gold, and Catherine Richardson.

1  even where "the [] motion, or its attachments, were previously filed under seal or protective

2  order." *Kamakana*, 447 F.3d at 1179.

3        The strong presumption of public access to judicial documents applies to such motions
4  because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the
5  public understands the judicial process. *Id.* The presumption does not apply in the same way to
6  motions that are "not related, or only tangentially related, to the merits of a case." *Center for Auto*
7  *Safety*, 809 F.3d at 1099. With such motions, "the usual presumption of the public's right of
8  access is rebutted." *Id.* at 1179 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th
9  Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet
10  the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,
11  678 (9th Cir. 2010). This requires the party to make a "particularized showing" that "specific
12  prejudice or harm" will result if the information is disclosed. *Phillips*, 307 F.3d at 1211. "Broad
13  allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy
14  the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th
15  Cir. 2011) (internal quotation marks and edits omitted).

## DISCUSSION

Plaintiff applies the good cause standard to the Settlement Agreement. Mot. at 1; Swift Decl. ¶ 2, Dkt. No. 16-1. As noted, Plaintiff submits the Settlement Agreement in connection with his Opposition to Defendants' Motion to Dismiss. "Motions to dismiss are typically treated as dispositive motions and are more than tangentially related to the underlying cause of action." *Garrison v. Oracle Corp.*, 2016 WL 7042988, at *2 (N.D. Cal. Feb. 22, 2016). Because the Motion to Seal relates to a Motion to Dismiss, the Court applies the compelling reasons standard to Plaintiff's Motion to Seal. *See Space Data Corp. v. X*, 2017 WL 2118299, at *2 (N.D. Cal. May 16, 2017) (applying compelling reasons standard to sealing motion relating to motion to dismiss).

Trial courts have the authority to grant protective orders to protect confidential settlement agreements. *See Phillips*, 307 F.3d at 1212 (noting that "courts have granted protective orders to protect confidential settlement agreements."). But to do so, a court must "identify and discuss the

2

factors it considered in its 'good cause' examination[,]" considering whether particularized harm will result from disclosure of information to the public, and then balancing the public and private interests to decide whether a protective order is necessary. *Id.* at 1211–12.

Counsel for Plaintiff David Swift declares "[g]ood cause exists to file the 1993 Settlement Agreement . . . under seal because the 1993 Agreement contains a confidentiality provision." Swift Decl. ¶ 2 (citing 1993 Agreement ¶ 4). "[A] settlement agreement cannot be sealed simply because the parties agreed to keep its terms confidential[.]" *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 2017 WL 1861851, at *5 (N.D. Cal. May 9, 2017); *see Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 2013 WL 636028, at *1 (N.D. Cal. Feb. 20, 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause, 'let alone a compelling reason,' to seal." (quoting *Foltz*, 331 F.3d at 1136)); *Select Portfolio Servicing v. Valentino*, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) (denying motion to seal settlement agreement where the "motion . . . is supported by a sole declaration, which only asserts that the material should be sealed because the parties agreed among themselves to make the settlement agreement confidential. This is insufficient. . . . [Movants] have not even made a showing that some specific harm or prejudice will result from its publication. . . . That they agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from other non-settling parties to the case or the public at large."); Civ. L.R. 79-5(d) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). Plaintiff fails to show any specific harm or prejudice will result if the 1993 Agreement is filed publicly. Plaintiff's generalized claim of harm or prejudice is brought into question by the fact Plaintiff himself quotes portions of the 1993 Agreement in his publicly-filed Opposition. *See* Opp'n at 9, Dkt. No. 17. Plaintiff does not request to redact this information in the Opposition. *See* Mot. Given that parts of the 1993 Agreement are already in the public docket, the Court sees no reason to seal this document in its entirety now.

Nonetheless, within four days from the date of this Order, Plaintiff may file an additional declaration to conform with Civil Local Rule 79-5. If Plaintiff fails to do so, his Motion will be denied. Plaintiff's declaration may not exceed five pages.

**IT IS SO ORDERED.**

Dated: August 4, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge