UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAQUICO,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID FREIBERG, et al.,<br><br>    Defendants. | Case No. 17-cv-02423-MEJ<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 26 |

**INTRODUCTION**

On August 11, 2017, the Court dismissed Plaintiff Craig Chaquico's First Amended Complaint ("FAC") with leave to amend. Order, Dkt. No. 25; *see* FAC, Dkt. No. 11. Defendants David Freiberg and Donny Baldwin (together, "Defendants") move for leave to file a motion for reconsideration of that Order.[1] Mot. to File, Dkt. No. 26. Plaintiff opposes the request. Opp'n, Dkt. No. 28. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rules 7-1(b) and 7-9(d), the Court finds this matter suitable for disposition without oral argument.[2] Having considered the parties' arguments, the relevant legal authority, and the record in this case, the Court **DENIES** Defendants' Motion for Leave to File a Motion for Reconsideration.

---

[1] Defendants Chris Smith, Jude Gold, and Catherine Richardson did not take part in this Motion.

[2] Defendants purport to notice a hearing date of October 3, 2017. *See* Mot. Civil Local Rule 7-9(d) provides that "[u]nless otherwise ordered by the assigned Judge, . . . no hearing will be held concerning a motion for leave to file a motion to reconsider." The Court did not order a hearing, and, in any event, the hearing was not properly calendared.

**DISCUSSION**

A party may seek leave to file a motion for leave to file a motion for reconsideration if (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) there are "new material facts or a change of law occurring after the time of such order"; or (3) there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(1)-(3).

Defendants seek leave to file a motion for reconsideration of the Court's Order regarding Plaintiff's breach of contract claim. Having reviewed Defendants' proposed motion, the Court finds reconsideration is not warranted. *See* Proposed Mot., Dkt. No. 26-1. Defendants argue the Court should reconsider its Order on the basis that Freiberg and Baldwin were intended third party beneficiaries of a 1993 Settlement Agreement between Plaintiff and nonparty Paul Kantner. *Id.* at 2. Defendants did not raise this argument in their Motion to Dismiss, nor do they explain why they were unable to do so at that time. *See Rodriguez v. Barrita, Inc.*, 2014 WL 556044, at *1 (N.D. Cal. Feb. 10, 2014) ("'A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

Furthermore, Defendants rehash arguments they raised in briefing their Motion to Dismiss, namely, that Plaintiff's claim accrued in 2005 and 2008 (*see* Mot. to Dismiss at 10-11, Dkt. No. 14) and that Defendants did not waive their statute of limitations defense (*see* Reply at 9-10, Dkt. No. 18). *Compare* Proposed Mot. at 3-4 *with* Mot. to Dismiss at 10-11, Dkt. No. 14. Defendants cannot reassert arguments in a motion for reconsideration that the Court considered but rejected in the first instance. *See* Order at 5-7; Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.").

Finally, Plaintiff has filed his Second Amended Complaint. *See* SAC, Dkt. No. 29. As this is now the operative Complaint, the Court need not reconsider its Order regarding the FAC.

Accordingly, the Court **DENIES** Defendants' Motion for Leave to File a Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: September 1, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge