UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAQUICO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID FREIBERG, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02423-MEJ<br><br>**ORDER RE: MOTION TO CONTINUE DEADLINES**<br><br>Re: Dkt. No. 68 |

## INTRODUCTION

Plaintiff Craig Chaquico moves to continue the June 1, 2018 deadline to amend the pleadings and the June 6, 2018 deadline to file a reply to his Motion to Strike. Mot., Dkt. No. 68; *see* CMO, Dkt. No. 61; Order Granting Stip., Dkt. No. 66. Defendants oppose the Motion insofar as it seeks to extend the deadline to amend the pleadings. Opp'n, Dkt. No. 69. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## DISCUSSION

Plaintiff proposes a deadline of June 26, 2018 for both filings. Mot. at 3. Plaintiff argues these continuances are necessary because, as of May 31, 2018, Plaintiff has obtained new counsel. Mot. at 1; *id.* at ECF pp.4-7 (Armstrong Decl.). Defendants do not oppose extending the reply deadline, but "strenuously" oppose continuing the deadline to amend pleadings. Opp'n at 2-5; Mot. at 1; Armstrong Decl. ¶¶ 2-3 & Ex. 1 (email from Defendants' counsel to Plaintiff's new counsel, Tom Armstrong).

As Defendants do not oppose a continuance of the reply deadline, the Court **GRANTS** this request. Plaintiff shall file his reply no later than June 26, 2018.

However, the Court **DENIES** Plaintiff's request to continue the deadline to amend the

pleadings. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See* Civ. L.R. 16-2(d). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Based on the present record, the fact that Plaintiff has elected to obtain new counsel does not constitute good cause for modifying the amended pleadings deadline. The Court issued the Case Management Order on April 11, 2018 and set the June 1, 2018 deadline based on the Plaintiff's proposal. CMC Stmt. at 6, Dkt. No. 55. As Plaintiff "is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for . . . omissions of his counsel." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys."); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers[.]". Despite having ample time to amend the pleadings, Plaintiff has not attempted to do so. That Plaintiff may now want to do so is not grounds to grant Plaintiff's eleventh hour request to modify the scheduling order.

Moreover, as of the date of this Order, Plaintiff has not filed a notice of change of counsel. Plaintiff's ostensible former counsel signed and filed the Motion and remains Plaintiff's counsel of record. Mot. at 3; *see* Docket. It is unclear when Plaintiff's new counsel will be able to substitute in. Plaintiff's new counsel, Tom Armstrong, declares "[w]e are obtaining local counsel and will be filing a stipulation for substitution thereafter."[1] Armstrong Decl. ¶ 1. There is no indication when this will occur. As it unclear whether Mr. Armstrong will even be counsel of record as of June 26, 2018 and in light of Defendants' opposition to the extension, the Court **DENIES** the request to continue the amended pleadings deadline.

---

[1] It appears Mr. Armstrong is located in Milwaukee, Wisconsin. *See* Armstrong Decl. at 5.

2

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The amended pleadings deadline remains June 1, 2018; Plaintiff shall file his reply by June 26, 2018. However, nothing in this Order shall preclude Plaintiff from seeking leave to amend his Second Amended Complaint once his new attorney becomes counsel of record and Plaintiff believes there is good cause under Rule 16 to do so.

**IT IS SO ORDERED.**

Dated: June 1, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge