1

2

3                     UNITED STATES DISTRICT COURT

4                     NORTHERN DISTRICT OF CALIFORNIA

5

6    CRAIG CHAQUICO,                          Case No. 17-cv-02423-MEJ

7              Plaintiff,                      **ORDER DENYING MOTION TO
                                               AMEND WITHOUT PREJUDICE**
8         v.
                                               Re: Dkt. No. 90
9    DAVID FREIBERG, et al.,

10             Defendants.

11

12        Pending before the Court is Plaintiff Craig Chaquico's Motion for Leave to File an

13   Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), filed on July 17, 2018.

14   Dkt. No. 90. However, on April 11, 2018, the Court issued a Case Management Order,

15   establishing June 1, 2018 as the deadline to seek leave to amend pleadings. Dkt. Nos. 61, 70.

16   "Where, as here, the motion to amend is presented after the Court has entered a pretrial scheduling

17   order, the liberal rules governing motions to amend under Rule 15(a) are inapplicable." *Osakan v.*

18   *Apple Am. Grp.*, 2010 WL 1838701, at *3 (N.D. Cal. May 5, 2010) (citing *Coleman v. Quaker*

19   *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000)). Instead, a motion to amend is to be analyzed

20   under Rule 16(b)(4), which requires the movant to demonstrate "good cause" for allowing the

21   amendment. *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

22   party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir.

23   1992). "Although the existence or degree of prejudice to the party opposing the modification

24   might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

25   party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should

26   end." *Id.*; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of

27   motion to modify pretrial schedule where plaintiff failed to "demonstrate diligence in complying

28   with the dates set by the district court"). If, however, the plaintiff demonstrates good cause under

United States District Court
Northern District of California

1  Rule 16(b), he must then establish that the proposed amendment is permissible under the factors

2  germane to Rule 15. *Johnson*, 975 F.2d at 609.

3  In his motion, Plaintiff states that he seeks to add Grace Slick Johnson and Jefferson

4  Starship, Inc. as necessary defendants because "discovery in this case revealed that Slick and

5  [Jefferson Starship, Inc.], via a Licensing Agreement dated March 21, 2016, with Defendants

6  Donny Baldwin, David Freiberg and Cathy Richardson purported to grant them the right to use the

7  mark Jefferson Starship, the right to tour, perform as the band Jefferson Starship and use the mark

8  in connection with merchandise offered at its concerts and through its website in direct violation

9  of the March 21, 1985 Agreement." Mot. at 3. Plaintiff does not state when this agreement was

10  produced, nor does he otherwise address his diligence and why he could not bring this motion

11  before the June 1 deadline. Instead, Plaintiff focuses on the joinder requirements of Federal Rule

12  of Civil Procedure 19.

13  Because Plaintiff has failed to address the good cause requirement under Rule 16(b), the

14  Court **DENIES** his Motion to Amend **WITHOUT PREJUDICE**. Plaintiff may file a revised

15  motion that addresses Rules 15, 16, and 19. At the same time, the Court is mindful of the

16  Supreme Court's directive that '[i]f the underlying facts or circumstances relied upon by a plaintiff

17  may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

18  merits.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given the argument raised in Plaintiff's

19  motion, it is likely that amendment should be permitted. Thus, in order to avoid potentially

20  unnecessary litigation, the Court **ORDERS** the parties to meet and confer by August 2, 2018, to

21  determine whether Defendants will agree to allow Plaintiff to file his proposed Third Amended

22  Complaint. If so, the parties shall file a stipulation requesting that the Court permit him to file the

23  amended complaint; if not, Plaintiff shall file a revised motion pursuant to Civil Local Rule 7.

24  **IT IS SO ORDERED.**

25

26  Dated: July 26, 2018

27  _____

28  MARIA-ELENA JAMES
United States Magistrate Judge

2