UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAQUICO,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID FREIBERG, et al.,<br><br>  Defendants. | Case No. 17-cv-02423-MEJ<br><br>**ORDER RE: MOTION FOR RECONSIDERATION**<br><br>Re: ECF. No. 97 |

## INTRODUCTION

On January 11, 2018, Plaintiff Craig Chaquico filed a motion to strike Defendants'[1] counterclaim for tortious interference pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. ECF No. 47. On July 10, 2018, the Court denied Chaquico's motion. ECF No. 86 ("MTS Order"). Chaquico now moves for reconsideration. ECF No. 97. Defendants filed an Opposition (ECF No. 101), and Chaquico filed a Reply (ECF No. 104). The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 6, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** Chaquico's motion for the following reasons.

## BACKGROUND

A more detailed factual background is set forth in the Court's July 10 order. MTS Order at 1-4. Chaquico brings claims against Defendants for breach of contract and under the Lanham Act

---

[1] Defendants and Counterclaimants are David Freiberg, Donny Baldwin, Chris Smith, Jude Gold, and Catherine Richardson.

based on Defendants' use of the Jefferson Starship name. *See* Sec. Am. Compl., ECF No. 29. Defendants assert three counterclaims against Chaquico: a claim for intentional interference with prospective economic advantage and two Lanham Act claims based on the use of the Jefferson Starship mark and the use of Freiberg's and Baldwin's images. First Am. Countercl. ("FACC") ¶¶ 43-58. In his motion to strike, Chaquico moved for an order striking Defendants' intentional interference claim. ECF No. 47. The Court denied Chaquico's motion, finding Defendants established their claim has the necessary "minimal merit" to survive a motion to strike. MTS Order at 8. The Court found Defendants submitted evidence establishing: a relationship between them and the band's fan base, venues, and promoters with the probability of future economic benefit; Chaquico's knowledge of the relationship; that Chaquico intended to disrupt the economic relationship, including posts on his website accusing Counterclaimants of being a "Fake Band", creating "FAKE recordings", being a "lesser cover band", and consisting of "lesser artists"; and that Defendants suffered economic harm as a result of Chaquico's actions. *Id.* at 9-10.

**LEGAL STANDARD**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .") (internal citation and quotation omitted). A motion for reconsideration "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior'" in the litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Marlyn Nutraceuticals*, 571 F.3d at 880 ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when

2

they could reasonably have been raised earlier in the litigation.") (internal citation and quotation omitted).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. Civil L.R. 7-9(b).

**DISCUSSION**

Chaquico raises one argument in his motion for reconsideration: In denying his motion to strike, "the Court overlooked a critical component of the legal analysis required to resolve Chaquico's motion - - whether, in addition to admissible evidence of interference, Counterclaimants supplied the court with admissible evidence of a wrongful act by plaintiff, independent of the intentional interference claim." Mot. at 3.

To state a claim for intentional interference with prospective economic advantage, a plaintiff must plead: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (citation omitted); *CRST Van Expedited v. Werner Enter., Inc.*, 479 F.3d 1099, 1108 (9th Cir. 2007).

As to the third element, the Court found Defendants "provided evidence that Chaquico intended to disrupt the economic relationship between Counterclaimants and their fan base, including posts on his website accusing Counterclaimants of being a 'Fake Band', creating 'FAKE

recordings', being a 'lesser cover band', and consisting of 'lesser artists.'" MTS Order at 10 (quoting FACC ¶¶ 38-39). The Court also noted that "Chaquico himself states that he issued 'a warning to fans' on his website to 'beware' of Counterclaimants." MTS at 10 (quoting Chaquico Decl. ¶ 6, ECF No. 47-1). However, the Court must also consider whether "the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'" *Korea Supply Co.*, 29 Cal. 4th at 1153 (quoting *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995)). An act is independently wrongful "if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159. Therefore, "it is insufficient to say the acts were wrongful merely because they interfered with the prospective business relationship." *Real Estate Training Int'l, LLC v. Nick Vertucci Companies, Inc.*, 2015 WL 12697658, at *5 (C.D. Cal. Apr. 20, 2015). The "act must be wrongful by some legal measure, rather than merely a product of an improper, but lawful, purpose or motive." *Id.* That Chaquico "may have had an improper motive for interfering is irrelevant." *Id.*

Here, Defendants allege Chaquico's statements are defamatory. FACC ¶ 1. Allegations of defamation are sufficient intentional acts, apart from the interference itself, to support a claim for intentional interference with economic advantage. *See, e.g., Lee Myles Assocs. Corp. v. Paul Rubke Enters., Inc.*, 557 F. Supp. 2d 1134, 1140 (S.D. Cal. 2008) ("The element of independently wrongful conduct is satisfied because the claim is based on defamation, a tort independent of the alleged interference."); *Code Rebel, LLC v. Aqua Connect, Inc.*, 2013 WL 5405706, at *6 (C.D. Cal. Sept. 24, 2013) (wrongful conduct where plaintiff alleged defendant "engaged in intentional acts to disrupt those relationships by embarking on a pattern of defamation and disparagement."); *Marsh v. Anesthesia Serv. Med. Grp., Inc.*, 200 Cal. App. 4th 480, 505 (2011) ("alleged acts of defamation or disparagement could legitimately be considered to meet, for pleadings purposes, the standards for establishing 'independent wrongfulness' of interference). However, Chaquico argues his statements are subjective opinions, which are "neither wrongful nor actionable." Mot. at 8.

"Under California law, recovery for defamation may be had only for false statements of

fact. Statements of opinion are not actionable." *Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 783 (9th Cir. 1980). Whether a statement is of fact or opinion must be determined by the context in which the statement is made. *Id.* at 784. Thus, not all statements that appear to be opinions are immunized. *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 696 (2012) ("where an expression of opinion implies a false assertion of fact, the opinion can constitute actionable defamation"). In *Milkovich v. Lorain Journal Company*, the United States Supreme Court moved away from the notion that defamatory statements categorized as opinion as opposed to fact enjoy wholesale protection under the First Amendment. 497 U.S. 1, 17 (1990). The Court recognized that "expressions of 'opinion' may often imply an assertion of objective fact." *Id.* at 18. A false statement of fact, whether expressly stated or implied from an expression of opinion, is actionable. *Id.* at 19. The key is not parsing whether a published statement is fact or opinion, but whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact. *Id.* at 21. "Ordinarily, this context-bound determination is a question of law for the court, but if the challenged statement or statements are 'reasonably susceptible of an interpretation which implies a provably false assertion of fact,' then they may be considered by the jury 'to determine whether such an interpretation was in fact conveyed.'" *Manufactured Home Cmtys., Inc. v. Cty. of San Diego*, 544 F.3d 959, 963 (9th Cir. 2008) (quoting *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1608 (1991); *Good Gov't Group, Inc. v. Super. Ct.*, 22 Cal.3d 672, 682 (1978) ("[I]f an allegedly defamatory statement could be understood by the average reader as either fact or opinion, the issue must be left to the jury's determination.").

In *Manufactured Home*, the defendant stated that plaintiff, a real estate investment firm, was "preying on the elderly", "a profit-driven company that enjoys forcing the elderly out of their homes", "it would be interesting to see if it engaged in fraudulent actions", and "the District Attorney was very interested in following up on whether civil or criminal actions should be pursued". 544 F.3d at 961-62. The district court ruled that the defendant's statements were merely statements of opinion, and were therefore not actionable, and granted defendants motion to strike pursuant to Anti-SLAPP. *Id.* at 963. The Ninth Circuit disagreed, finding that a reasonable factfinder could conclude that defendant meant as a matter of fact that plaintiff had a reputation for

5

driving out elderly tenants. *Id.* at 964. The Ninth Circuit held if the district court can assess the truth or falsity of the claim, that seems strong indication that it is a provably false assertion of fact, and therefore actionable. *Id.*

Here, Defendants provided posts on Chaquico's website accusing them of being a fake band, creating fake recordings, being a lesser cover band, and consisting of lesser artists. FACC ¶¶ 38-39. These statements are at least reasonably susceptible of an interpretation which implies a statement of fact. It cannot be said as a matter of law that no reasonable person could construe them as provably false. Further, the Court need not parse out which of the statements are actionable. "[O]nce a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff has established that its cause of action has some merit and the entire cause of action stands." *Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90, 106 (2004). "Thus, a court need not engage in the time-consuming task of determining whether the plaintiff can substantiate all theories presented within a single cause of action and need not parse the cause of action so as to leave only those portions it has determined have merit." *Id.*

Accordingly, the Court finds Defendants state a claim for intentional interference with prospective economic advantage, and Chaquico's motion for reconsideration is therefore **DENIED**.

## CONCLUSION

Based on the analysis above, the Court **DENIES** Plaintiff Craig Chaquico's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 16, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge